Eastern District of Kentucky
F I L E D
MAY 28 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | |
|---|---|
| ANTWANE J. RHODES, | ) |
| | ) |
| Petitioner, | ) Case No. 0:19-cv-047-HRW |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Antwane J. Rhodes is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without an attorney, Rhodes has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the calculation of his sentence. [D. E. No. 1]. This matter is before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In 2012, Rhodes pled guilty to conspiracy to distribute and possess with the intent to distribute over 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 841 and 846, as well as money laundering in violation of 18 U.S.C. § 1956. The trial court then sentenced Rhodes to 120 months in prison. *See United States v. Antwane J. Rhodes*, No. 2:12-cr-122-MHW (S.D. Ohio 2013). Rhodes is currently projected to be released from the custody of the Federal Bureau of Prisons (BOP) on

March 28, 2020. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/ (last visited on May 28, 2019).

Rhodes has now filed a § 2241 petition, and he argues that, in light of the First Step Act of 2018, the BOP should immediately recalculate his sentence to allow him to take advantage of amendments affecting the manner in which good conduct time credits are calculated. The First Step Act, which was enacted on December 21, 2018, amended 18 U.S.C. § 3624(b)(1) to change the manner in which credits are calculated by increasing the maximum allowable good conduct time from 47 to 54 days per year. According to Rhodes, the changes made by the First Step Act would result in him receiving "an additional 70 days of good time credits . . ., advanc[ing] his Projected Release date of March 28, 2020 to January 21, 2020." [D.E. No. 1 at 1]. Among other things, Rhodes seeks an order directing the BOP to recalculate his time in accordance with the amendments of the First Step Act. [*Id.* at 13].

The Court will deny Rhodes's petition for two reasons. First, Rhodes indicates that he has not taken steps to formally exhaust his administrative remedies within the BOP, claiming that "[t]here is no requirement that Petitioner exhaust administrative remedies within the BOP before seeking relief from this Court." [*Id.* at 11]. The United States Court of Appeals for the Sixth Circuit, however, has repeatedly made it clear that a prisoner must fully exhaust his remedies within the BOP before he may seek habeas relief under § 2241. *See, e.g., Luedtke v. Berkebile*,

704 F.3d 465, 466 (6th Cir. 2013); *Fazzini v. Northeast Ohio Correctional Center*, 473 F.3d 229, 231-33 (6th Cir. 2006). This exhaustion requirement ensures that the agency has an opportunity to review and revise its actions before litigation is commenced. This preserves judicial resources as well as administrative autonomy and also ensures that a court reviewing the agency's final action does so based upon a developed and complete evidentiary record. *See Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). In this case, the BOP may ultimately award Rhodes the credit he seeks. Nevertheless, he must first provide prison officials notice of the problem so that they have the opportunity to resolve the matter and potentially avoid litigation.

Second, even if Rhodes had exhausted his administrative remedies, the Court would deny the relief sought. Rhodes is correct that Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed, effectively abrogating *Barber v. Thomas*, 560 U.S. 474 (2010). However, this provision has not yet taken effect. Section 102(b)(2) of the Act provides that the amendments made in subsection 102(b) take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a). And Section 101(a) does not require completion of the system until 210 days

after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.

Although Rhodes may be frustrated with this process, this Court applies the law as it is written. As another federal court recently put it, "Congress chose to delay the implementation of the First Step Act's amendments until the Attorney General could complete the risk and needs assessment. The Court has no power to rewrite or disregard the statute in order to accommodate Petitioner's situation." *Shah v. Hartman*, No. 1:18-cv-7990 at Record No. 12 at 4 (N.D. Ill. Jan. 3, 2019).

For the reasons outlined above, Rhodes has failed to establish a right to habeas relief. Accordingly, it is hereby **ORDERED** as follows:

1. Rhodes's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

This the ___ day of May, 2019.

Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge